

# THE ATTORNEY GENERAL
# OF TEXAS

April 7, 1988

JIM MATTOX
ATTORNEY GENERAL

Honorable David W. Wallace     Opinion No.  JM-887
Sutton County Attorney
Sonora, Texas  76850           Re:    Authority of a commis-
                               sioners court to enter  into
                               certain contracts to provide
                               health  insurance   coverage
                               for its employees  (RQ-1237)

Dear Mr. Wallace:

You ask:

> Does [the County  Commissioners Court  of
> Sutton County]  have the  authority, in  its
> effort to provide health insurance  coverage
> for employees and dependents, to enter  into
> a  contract  under  the  following   circum-
> stances:

> 1.  A portion of the total money spent by
> the county for coverage goes into a separate
> bank account  for payment  of a  portion  of
> the medical benefits  due to  employees  and
> dependents.

> 2.  The  administration   of  the   above
> mentioned bank  account,  and  the  benefits
> paid from it, is in the control of a company
> that is unlicensed  as an insurance  company
> and is totally  independent from the  county
> except for  certain  contractual  conditions
> which are further  detailed in this  request
> and the attachments.

> 3.  The administrator of the bank account
> provides for the purchase of high deductible
> ($500.00) insurance.  However, the  coverage
> that the complete  program offers  is for  a
> lower deductible ($100.00).  Sutton  County,
> through the administration  of this  account
> by the  third party,  assumes the  risk  for
> this difference in deductible.

4. All interest on the county funds deposited to this account that exceed 5% pass on to the exclusive use of the administrator.

5. The administrator draws regular monthly fees out of this bank account.

6. Termination of the contract with the administrator by the county results in penalties of up to 50% of the county funds in the above bank account to be forfeited to the administrator.

The scheme you describe would involve the county's self-insuring a portion of the deductible amount provided for in the underlying insurance contract. Attorney General Opinion MW-473 (1982) noted that there was only one statutory provision authorizing such a self-insurance scheme, i.e., section 2 of article 2372h, V.T.C.S., which applied only to counties with populations of over 500,000. Article 2372h was repealed by the 70th Legislature in 1987 and section 2 was recodified as section 157.002 of the Local Government Code. The provision currently embodied in section 157.002 remains the only one in Texas law authorizing a county to self-insure. Since Sutton County's population is less than 500,000, section 157.002 does not authorize it to self-insure. Since certain counties are authorized, under section 157.002, to self-insure, the lack of authorization elsewhere in Texas law for other counties such as Sutton County to self-insure, indicates that the legislature did not intend to authorize counties with populations under 500,000 to self-insure. Commissioners courts may exercise only such powers specifically conferred upon them, by the constitution or by statute, or which may reasonably be implied therefrom. Canales v. Laughlin, 214 S.W.2d 451 (Tex. 1948). See also Attorney General Opinion JM-406 (1985).

We are therefore of the opinion that the Sutton County self-insurance scheme you described is not authorized by law. Having reached this conclusion, we need not address the other issues that we would have addressed had we answered in the affirmative the threshold question of the county's authority to self-insure; e.g., whether county funds may legally be deposited with the administrator in light of chapter 116 of the Local Government Code, whether the administrator would be authorized to

act as such in light of article 21.07-5 of the Insurance Code, etc.

## S U M M A R Y

The commissioners court of Sutton County is not authorized to self-fund a health insurance program for county employees.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General